PETRA FAJARDO WIDOW OF NAVARRO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. EMILIO S. BELAVAL, JUDGE, Respondent; CAMILO GONZÁLEZ, Intervener.

No. 10. Argued January 10, 1949.—Decided January 17, 1949.

*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for petitioner.
*Otero Suro & Otero Suro,* for intervener, defendant in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Petra Fajardo, widow of Navarro, brought, in the Municipal Court of San Juan, an action of unlawful detainer against Camilo González and essentially alleged that she is

the owner of an urban property; that she leased the same to the defendant from month to month under a verbal contract for a rental of $40; that on July 19, 1948, the plaintiff notified the defendant that she considered the lease contract as terminated, inasmuch as she intended to withdraw the house "immediately from the rental market with the purpose of altering and selling the same, since the plaintiff proposes to establish her residence outside of Puerto Rico." The defendant filed a demurrer to the complaint on the ground of insufficiency, which was sustained by the municipal court. At the instance of the plaintiff, said court rendered final judgment against her, whereupon an appeal was taken therefrom to the respondent district court. There the demurrer was reproduced, and said court rendered judgment sustaining the demurrer and granting the plaintiff 10 days to amend her complaint. The gist of its decision was that, as the amendment introduced to Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326) by Act No. 24 of August 21, 1948 (Spec. Sess. Laws, p. 238) provides that the plaintiff may not file his action until after he has served on the tenant, not less than six months in advance of the date of the filing of said unlawful detainer action, authentic written notice of his intention to recover the property, and the complaint in the case at bar did not contain such an averment, that pleading failed to state facts sufficient to constitute a cause of action. A motion for reconsideration filed by the plaintiff was peremptorily denied by the lower court. The plaintiff thereupon applied to this Court for a writ of certiorari.

█ Although it has been the usual practice of this Court not to issue a writ of this sort to review a decision of a lower court sustaining or overruling a demurrer (*Collazo* v. *District Court*, 61 P.R.R. 282 and cases cited at p. 283),[1] nevertheless, taking into consideration the fact that undoubtedly the question raised by the petitioner was involved in numerous unlawful detainer proceedings pending in the

---

[1] Cf. *Pérez* v. *District Court*, 69 P.R.R. 4.

district and municipal courts, in the exercise of our discretion, and as an exception to the rule, we issued the writ sought.

██ Section 12–A of Act No. 464 of 1946, as amended by Act No. 201 of May 14, 1948 (Sess. Laws, pp. 574, 580), specifies the cases in which the lessor may bring an action of unlawful detainer. Briefly stated, those cases are the following: (1) default of payment; (2) unlawful or immoral conduct of the tenant; (3) subletting of the property without the landlord's written authorization; (4) devoting the leased property to a purpose substantially different from the one agreed upon; (5) maliciously or negligently causing considerable damage to the property by the tenant; (6) when the landlord needs in good faith the dwelling or part thereof, for his personal use and immediate occupancy as a place of residence; (7) when the landlord needs for himself, in good faith, the commercial or business premises; and (8) when the landlord is planning to demolish in whole or in part the leased building in order to construct a new one. Section 12–B, as amended by Act No. 24 of August 21, 1948 (Spec. Sess. Laws, pp. 238, 240), specifies the prerequisites which must be satisfied by the landlord in each of the foregoing cases numbered from (1) to (8), and it then sets forth two paragraphs which textually read as follows:

*"In any other case in which unlawful detainer proceedings may be prosecuted under insular or federal legislation,* the plaintiff may not file his action until after he has served on the tenant not less than six months in advance of the date of the filing of said unlawful detainer action, authentic written notice of his intention to recover the property.

*"The court shall, in all actions* in which the aforesaid requisite notice has not been given, *order the stay of the proceedings* until the term of said notice has elapsed." (Italics ours.)

The ground of eviction on which the lessor relies herein does not fall within any of those specified by our Act. The action is clearly based on subdivision 5 of § 209 (*a*) of the Federal Housing and Rent Control Act of 1948, which

authorizes such an action when the lessor seeks in good faith to recover possession of the housing accommodations for the immediate purpose of withdrawing said housing accommodations from the rental market. The case of the petitioner is therefore another "case in which unlawful detainer·proceedings may be prosecuted under . . . federal legislation."

Undoubtedly, the first paragraph of § 12–B above cited is of a procedural nature, inasmuch as it establishes a condition precedent to the filing of the complaint which must be complied with by every plaintiff in actions for the eviction of a tenant or unlawful occupant of the premises. That requisite does not conflict in any way with § 209 (c) of the Federal Housing and Rent Control Act of 1948. Said Section provides that "no tenant shall be obliged to surrender possession of any housing accommodations . . . until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations . . ." Our statute establishes a prerequisite for the filing of the complaint, while the foregoing federal provision merely provides that the tenant or unlawful occupant shall not be deprived of the possession of the housing accommodations occupied by him until the expiration of at least sixty days, counted from the notice served on him. Therefore, the minimum term of sixty days, fixed by the Federal Act, is clearly comprised within that of six months established by the Insular Act. In other words, our statute requires compliance with a certain requisite before the filing of the complaint, while the federal statute only provides the minimum period which must elapse between the service of notice on the tenant and the surrender of the possession of the property involved in the unlawful detainer suit. Indeed, there is no conflict between the two provisions. Both are perfectly harmonious.[2]

As we stated in *Avila* v. *District Court*, 68 P.R.R. 10, ". . . the Insular Legislature has exclusive control of

---

[2] See by analogy the case of *Trigo* v. *District Court*, *ante*, p. 346.

the remedy and procedure it desires to provide for unlawful detainer suits. It may make the procedure summary or ordinary. And it may provide reasonable periods of time for such things as pleadings and stays of execution. . . . is free to provide any reasonable remedy or procedure it chooses for the exercise of that right." In establishing the requirement that no action of unlawful detainer can be brought until the expiration of six months after the tenant has been notified in an authentic manner of the landlord's intention to recover possession of the premises, the Legislature fixed a procedure which is clearly reasonable. The term provided therein does not conflict with that previously established by the Federal Housing Regulations. See also the case of *Avila* v. *District Court, supra,* p. 10.

■■ However, it having been established that the above-mentioned requirement is of a procedural character, is the same applicable to an action which was pending at the time the amendatory Act of August 21, 1948, took effect? Clearly it is applicable. As we have repeatedly held, procedural statutes have retroactive effect and are applied both to cases pending at the time the same take effect and to those filed after the effective date thereof. *Martínez Fernández & Co.* v. *García,* 68 P.R.R. 363, 368; *Royal Bank* v. *Tax Court,* 65 P.R.R. 324, 328; *Vivó* v. *Medina,* 65 P.R.R. 821, 826; *López* v. *South P. R. Sugar Co.,* 62 P.R.R. 227, 231; *Mason* v. *White Star Bus Line,* 53 P.R.R. 320, 324. Of course, in construing statutes the primary aim is not to obtain a preconceived arbitrary objective, but to carry out the purpose of the lawmaker. In the present case, that purpose clearly was that said requirement should be applied to pending actions. This is manifestly confirmed by the second paragraph cited above. By virtue thereof the court is authorized, *in all actions* in which the aforesaid requisite notice has not been given, to order a stay of the proceedings until the term of six months fixed by the foregoing paragraph has elapsed.

■ Under those circumstances, the lower court in passing upon the question raised as to the sufficiency of the complaint was entirely correct in holding that the demurrer should be sustained since, although the complaint alleged that the defendant had been notified on July 19, 1948, of plaintiff's desire to terminate the contract of lease in order to withdraw the house from the rental market, nevertheless she should have taken notice that from that date up to August 5th following, in which the complaint was filed, the period of six months which Act No. 24 of 1948, *supra*, fixes as a prerequisite to the institution of an unlawful detainer proceeding, had not yet elapsed. Of course, at the instance of either party, the court, relying on that same Act, could have also decreed a stay of the proceedings until the expiration of the above-mentioned period of six months.

The writ issued should be discharged and the case remanded to the respondent court for further proceedings not inconsistent with this opinion.